The Honorable Wayne Dowd State Senator P.O. Box 2631 Texarkana, Arkansas 75501
Dear Senator Dowd:
This is in response to your request for an opinion concerning whether the Texarkana Airport Authority is a tax exempt publicly owned facility, and whether or not real property owned by the Authority is subject to ad valorem taxes, Specifically, you note that the Authority has received a "Taxes Due" statement on eighty acres of property purchased by the Authority in 1989. The Authority requested the Assessor to remove this eighty acres of property from the tax rolls. The assessor disagrees with the Authority on the question of the property's tax exempt status, and has apparently stated that the only way to resolve the issue is to have the Arkansas Attorney General render a legal opinion on the matter.
It must be initially noted that the authority to approve or disapprove a particular tax exemption has not been vested in this office. Rather, information sufficient for a factual determination should be forwarded to the local tax assessor. It is the duty of the tax assessor to decide on a cause by case basis whether the property is "public property used exclusively for public purposes". See Arkansas Constitution, Art. 16, 5. This type of factual determination is ordinarily not within the proper scope of an Attorney General opinion.
It has been held that in order for public property to be exempt from taxation, it must be "public property", that is it must be owned by the municipality, and it must be used exclusively for public purposes. Waylaid v. Snap, 232 Ark. 57, 334 S.W.2d 633
(1960). It appears that here, the property is indeed owned by the municipality, but we have been provided with no information as to the property's use. Both of these issues, however, are factual determinations for the assessor.
We should not, additionally, that the General Assembly has provided in A.C.A. 14-361-124, (relating to border towns) that:
 Any property in this state acquired by a municipality [a border municipality] for airport purposes pursuant to the provisions of this chapter and any income derived by the municipality from the ownership, operation, or control thereof, shall be exempt from taxation to the same extent as other property used for public purposes.
The assessor must still determine, however, that the property is `public property used exclusively for public purposes" as required by Art. 16, 5 of our Constitution, in order for the property to be exempt. All of the facts in each particular case must be considered in making the final determination concerning the exempt status of certain property. This is a question which only the assessor can decide in the first instance.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elan L. Cunningham.
Sincerely,
RON FIELDS Attorney General
R:arb